IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KEVIN LYONS,**

 **Petitioner,**

vs.

             **CASE NO. 4:07cv369-MP/WCS**

**WALTER A. McNEIL,**[1]

 **Respondent.**

           /

## REPORT AND RECOMMENDATION

This is an amended petition for writ of habeas corpus filed by Kevin Lyons pursuant to 28 U.S.C. § 2254. Doc. 12. Petitioner challenges his conviction for capital sexual battery and lewd molestation in the Circuit Court of the Second Judicial Circuit, in and for Madison County, Florida, case number 01-119-CF. Respondent has moved to dismiss the petition as untimely, doc. 12, and Petitioner replied, doc. 13. The motion to

---

[1] Walter A. McNeil succeeded James McDonough as Secretary for the Department of Corrections, and is automatically substituted as Respondent. FED. R. CIV. P. 25(d).

dismiss is without merit as it counts the time from the filing of the amended petition, doc. 8, rather than from the initial petition, doc. 1.

Petitioner's convictions were affirmed without opinion on direct appeal on August 9, 2004. Lyons v. State, 879 So. 2d 629 (Fla. 1st DCA 2004) (Table). There is a one year limitations period for filing a § 2254 petition, which generally runs from the date on which the judgment at issue became final by conclusion of direct review or the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[2] The 90th day after August 9, 2004, was Sunday, November 7, 2004, so Petitioner's conviction became final on Monday, November 8, 2004, his last day to file a petition for writ of certiorari. Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003) (also noting that the 90 days is counted from the date of the opinion rather than the mandate).[3]

The one year AEDPA period for filing a § 2254 petition in this court commenced the next day, on November 9, 2004. Bronaugh v. Ohio, 235 F.3d 280, 285 (6th Cir.

---

[2] The limitations period runs from the latest of specified dates. Other possible commencement dates are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(B)-(D). None of these later dates apply in this case.

[3] The 90 days for seeking certiorari runs from the date of the opinion, not the mandate, or (if a petition for rehearing is timely filed) from the denial of rehearing or (if rehearing is granted) the subsequent entry of judgment. S.Ct. Rule 13(3). In computing time, the event that begins the period is excluded, and the last day is included unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed or inaccessible. S.Ct. Rule 30(1); Fed.R.App.P. 26(a); Fed.R.Civ.P. 6(a).

2000) (applying Fed.R.Civ.P. 6(a)); Patrick v. McDonough, 2007 WL 3231740, *1, No. 4:06cv543-SPM/WCS, (N.D. Fla. Oct 29, 2007) (citing Bronaugh).

Applying the mailbox rule, Petitioner filed his Rule 3.850 motion in state court on April 29, 2005. Doc. 12, Ex. A, p. 48; doc. 12-2, p. 49 on the electronic docket (ECF) (dated signed and delivered to prison officials for mailing). The period was then tolled on April 29, 2005, by the filing of the Rule 3.850 motion, after 171 days had elapsed. The Rule 3.850 proceedings remained pending at least until March 26, 2007, when the Florida First District Court of Appeal denied rehearing.[4] Doc. 12, Ex. B; doc. 12-2, p. 51.

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Lawrence v. Florida, 127 S.Ct. 1079, 1082, 166 L.Ed.2d 924 (2007) (quoting 28 U.S.C. § 2244(d)(2) and noting that "the parties agree that AEDPA's limitations period was tolled from the filing of Lawrence's petition for state postconviction relief until the Florida Supreme Court issued its mandate affirming the denial of that petition."). Therefore, the AEDPA one year was tolled from April 29, 2005, through March 26, 2007. It began to run again on Tuesday, March 27, 2006.

Again applying the mail box rule, Petitioner filed this § 2254 petition on August 21, 2007. Doc. 1 (dated signed and delivered for mailing). Another 147 days elapsed, for a total of 318 days of untolled time. No argument has been made that the amended

---

[4] According to the online docket in First District Court of Appeal case number 11D03-1570, the mandate issued on May 14, 2007. The time was tolled until the mandate issued, but here it makes no difference to the outcome.

petition does not relate back to the timely filed initial petition.  *Compare*, Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).  The petition timely.

For future reference, it is noted that the court reviews each petition for timeliness and sufficiency prior to directing that an answer be filed.  *See*, § 2254 Rule 4 (requiring the court to review a petition) and Rule 5(a) (providing that an answer is not required until directed by the court).  It is quite routine for there to be an amended petition as a consequence of that review.  The order directing an answer identifies the petition as an amended petition.  *See*, doc. 9.  Counsel for Respondent should always consult the docket and this court's prior orders before making a timeliness argument.

Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss, doc. 12, be **DENIED** and, given the delay caused by this motion, that Respondent be ordered to file an answer within 15 days from the date the court enters the order adopting this report and recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on November 13, 2008.

s/    William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**